111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luke JERNIGAN, Defendant-Appellant.
 No. 96-10186.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1997.
Decided April 22, 1997.
 
 1
 Before: SCHROEDER and O'SCANNLAIN, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Luke Jernigan appeals the district court's denial of his motion for new trial claiming that the government failed timely to disclose exculpatory evidence, see Brady v. Maryland, 373 U.S. 83, 87 (1963), and was guilty of outrageous government conduct. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 4
 At trial, the government's informant Rufus Duncan testified that (1) he was a contractor and owned three construction companies, and that (2) he had no knowledge as to the basis on which the government paid him for his informant work.
 
 
 5
 After trial, Jernigan discovered that Duncan had never held a contractor's license, that one of the companies he claimed to own was owned by his son, that the son got his contractor's license approximately two months after Jernigan's trial, and that one of the construction companies was a front set up to facilitate Duncan's work as an informant. In addition, Jernigan learned from a tape recorded interview of Duncan in a 1990 state case involving drugs, that Duncan had knowledge that he was sometimes paid on a percentage basis for his participation in drug cases. At the hearing on Jernigan's motion for new trial, Duncan testified that sometimes he was being paid a percentage of "[w]hat money they seize" but that he did not know how the government arrived at that percentage. Also at that hearing, a government agent testified that "[p]ayments [to informants] are made depending on the type of case ..., the level of the case ..., the number of people that [are] arrested, the amount of drugs that [are] seized, and then it's all contingent upon the availability of fund[s]....")
 
 
 6
 Jernigan also learned that, after co-defendant Melvin Minton pled guilty, he assisted the government in apprehending Jernigan after Jernigan failed to show up on the date trial was originally set, and that the government paid Minton's girlfriend $500 as a reward for Minton's help.
 
 
 7
 The district court denied Jernigan's motion for new trial explaining that
 
 
 8
 not only individually, but in its cumulative effect, the [c]ourt does not find that what has been developed here, whether or not it can be fairly characterized as being suppression by the government, has undermined confidence in the outcome of the trial.
 
 
 9
 If for purposes of argument you assumed that every adverse inference was attributable to the government, that is to say that it was known by someone in the government camp, not necessarily the prosecutor, but the various agents that have testified, even if you assume that they knew all of what counsel has argued is adverse and might have had bearing on the issue of credibility of Mr. Minton and Mr. Duncan, the [c]ourt cannot find and does not find that that would in any sense undermine confidence in the outcome of the trial.
 
 
 10
 We agree with the district court that the allegedly suppressed information would not have affected the result of the trial. The failure to disclose the payment to Minton's girlfriend was error but was harmless; Minton's testimony was not critical to the prosecution's case. The fact that Duncan did not have a contractor's license and what companies he owned or did not own were matters of public record; government conduct did not affect the availability of that evidence. As to how Duncan was being paid for his work as an informant, there was no evidence that a clear formula or method of payment existed, and therefore there was nothing for the government to disclose. Because nothing the government failed to disclose "mattered", United States v. Steinberg, 99 F.3d 1486, 1489 (9th Cir.1996), the integrity of Jernigan's trial was not compromised. Kyles v. Whitley, 115 S.Ct. 1555, 1565-66 (1995).
 
 
 11
 Jernigan's "outrageous government conduct" and "imputation" claims are meritless. First, the record does not establish that the government knew that Duncan lied with respect to his ownership of the companies, so no perjury on Duncan's part can be imputed to the government. Nor does the record indicate that Duncan, or the government for that matter, knew exactly how Duncan was paid for his informant work. While Duncan may have sometimes been paid on a percentage/contingency basis, which in itself does not amount to "outrageous government conduct," see United States v. Cuellar, 96 F.3d 1179 (9th Cir.1996), there was no set formula establishing how Duncan was "usually" paid, and therefore it cannot be said that anyone lied or suppressed known information. See United States v. Rosner, 516 F.2d 269, 280 (2d Cir.1975) (rejecting an argument, similar to the one made by Jernigan in this appeal, that the knowledge of an investigative informant can be imputed to the prosecutor).
 
 
 12
 Similarly, United States v. Endicott, 869 F.2d 452 (9th Cir.1989), does not support Jernigan's argument that Duncan's falsehoods or sexual misconduct should be imputed to the prosecutor simply because Duncan was a government informant. Endicott states that if a government agent other than a prosecutor knows of evidence that is favorable to the defense, that government agent's knowledge can be imputed to the prosecutor for purposes of disclosure obligation. Endicott, 869 F.2d at 456.
 
 
 13
 The order of the district court, denying Jernigan's motion for new trial, is AFFIRMED.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3